Curia, per

Butler, J.
There is no provision in the Act of 1824, increasing the jurisdiction of Ordinaries, allowing them commissions on *334 money paid on bonds given for the purchase money of lands. The sheriff is authorized to make sale of lands ordered to be sold by the ordinary, and is entitled, of course, to the legal commissions on his sales. Bonds given by the purchasers are deposited in the office of the ordinary, to whom they are made payable. It is not expressly made the duty of the ordinary to receive and pay out money paid on these bonds; but his duty to do so, is too strongly implied to be mistaken. It would seem to be right that he should receive some compensation for these services. It is sufficient, however, for this court to say, that none is allowed by law. All officers who derive their authority from the law, should look alone to it for the measure of their compensation,
Upon inquiry, I cannot find that any other ordinary in the State has set up the right claimed by the defendant in this case. The Act of 1824, does not only not allow it, but forbids and excludes an inference of such a right. The latter part of the 7th section of the Act is in these words : “ And in all cases where a sale is ordered on a return of the summons in partition, the said ordinaries shall receive, in each case, as a full compensation for their services, the sum of ten dollars; and in all cases where there shall be the additional proceeding of a writ of partition and commissioner’s return, &c. they shall receive in each case, the sum of twelve dollars, as a full compensation for all their services', except when they appoint guardians and take bonds, &c., in which cases they shall, in addition, re•ceive the fees hereinbefore specified.” By the 4th section, they are allowed three dollars for their services in appointing guardians and taking •the usual bonds.
It may be, that under this Act, the fees of officers are not very well .equalized, according to their services. But this inequality .cannot be remedied by plausible or forced construction. Such constructive right to fees by subordinate officers of justice, is the most usual pretext under which insidious encroachment and extortion protect themselves ; and should not, in any instance, be countenanced by the court. Abuses from this source have become too often reproaches to the justice of the law and the vigilance of courts. As Lord Bacon quaintly but truly expresses himself, “ there be a class of clerks that are pullers and exactors of fees ; which justifies the common resemblance of the courts of justice to the bush, whereunto while the sheep flees for shelter in weather, he is sure to lose part of his fleece.”
Mr. Trimmier must refund the fees which he has taken in this case. It is therefore ordered, that the circuit decision be reversed, and a new trial be granted.
Gantt, Richardson, Evans, and Earle, JJ. concurred.